IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

ROCHELLE MARETTA-BROOKS,

                Plaintiff,                Civil Action No.
                                          5:18-CV-0426 (DNH/DEP)

    v.

MICHAEL L. HANUSZCZAK, *et al.*,

                Defendants.

_____

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

ROCHELLE MARETTA-BROOKS, *Pro se*
c/o RFD
213 Lilac Street
Syracuse, NY 13208

FOR DEFENDANTS:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

    *Pro se* plaintiff Rochelle Maretta-Brooks, a frequent litigator in this

district, has commenced this action against seventeen defendants,

including several judges, the Onondaga County District Attorney, the

Onondaga County Attorney, an unidentified City of Syracuse Police

Officer, and other individuals whose titles are not disclosed. Plaintiff's complaint, which is largely devoid of factual allegations, as well as her application for leave to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel, have been forwarded to me for consideration. Based upon my review of those documents, plaintiff's IFP application and motion for appointment of counsel are denied, and I recommend that her complaint be dismissed, with leave to amend.

I.    BACKGROUND

Plaintiff commenced this action on April 9, 2018. Dkt. No. 1. Plaintiff's complaint is a compilation of five separate documents prepared on four different forms provided by the court to prospective litigants. Dkt. No. 1. In particular, plaintiff has submitted (1) a form for use in commencing a civil rights action against federal officials pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), Dkt. No. 1 at 1-4; (2) a form for use in asserting employment discrimination claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, Dkt. No. 1 at 5-9; (3) two forms for use in bringing an action under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, Dkt. No. 1 at 10-13, 18-21; and (4) a form for use in asserting civil rights claims against

2

persons acting under color of state law pursuant to 42 U.S.C. § 1983, Dkt.

No. 1 at 14-17. Included with plaintiff's complaint are over two hundred

pages of attachments of varying descriptions, none of which have been

identified or referenced in her complaint. Dkt. Nos. 1-1 – 1-3. Named as

defendants in the various form complaints are the following individuals: (1)

Onondaga County Family Court Judge Michael L. Hanuszczak, (2)

Syracuse City Court Judge Kate Rosenthal, (3) Onondaga County Family

Court Judge Julie Cecile, (4) Onondaga County Supreme Court Justice

James C. Tormey, (5) Onondaga County Acting Supreme Court Justice

Martha Walsh Hood, (6) Onondaga County Family Court Judge Michele

Pirro Bailey; (7) Syracuse City Court Judge Ross Andrews; (8) Onondaga

County District Attorney William Fitzpatrick; (9) Onondaga County Attorney

Robert Durr; (10) Attorney Arlene Bradshaw; (11) Joseph Murphy; (12)

Lisa Blitman; (13) Lewis Dettor; (14) William Balduf; (15) Kevin Haywood;

(16) Dorothea Hogan; and (17) an unidentified City of Syracuse Police

Officer.[1] Dkt. No. 1 at 2, 5-7, 11-12, 14-15, 19-20.

Plaintiff's complaint is wholly devoid of factual allegations upon

which her claims are based and fails to disclose the role played by each of

---

[1]     The roles and/or titles of defendants Murphy, Blitman, Dettor, Balduf, Haywood, and Hogan are not readily discernible on the face of plaintiff's complaint.

3

the named defendants in the circumstances giving rise to her claims. Although this is far from evident, based on a review of plaintiff's complaint and attached documents, it appears that her claims center upon the removal of her two daughters from her custody as ordered by one or more of the judicial officers named as defendants in this case, and plaintiff's arrest on March 21, 2018. *See, e.g.*, Dkt. No. 1 at 4, 13, 17; Dkt. No. 1-1 at 17, 27-28. Plaintiff's complaint cites several statutes including (1) 18 U.S.C. §§ 241, 242, criminal statutes related to the deprivation of constitutional rights; (2) 42 U.S.C. § 14141,[2] which prohibits governmental employees from depriving persons of rights, privileges, or immunities secured or protected under the constitution; (3) 18 U.S.C. § 1514A, which provides whistleblower protection for employees of publicly traded companies; (4) 18 U.S.C. § 1506, a criminal provision prohibiting the theft or alteration of record or process, or false bail; and (5) New York Criminal Penal Law ("CPL") § 70.10(2), defining the phrase "[r]easonable cause to believe that a person has committed an offense." *See, e.g.,* Dkt. No. 1 at 3, 7-8, 16. As relief, plaintiff seeks damages in large amounts, designed to increase in the event she is retaliated against, and further enhanced if she

---

[2]     Effective September 1, 2017, that section was recodified at 34 U.S.C. 12601.

is murdered or assassinated. Dkt. No. 1 at 4, 9, 13, 17, 21.

II.    DISCUSSION

    A.    Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[3] Pursuant to section 1915, when a plaintiff seeks leave to proceed IFP, the court must determine whether she has demonstrated sufficient economic need to proceed without prepaying the required filing fee. 28 U.S.C. § 1915(a)(1).

The decision of whether to grant an application to proceed IFP rests within the sound discretion of the court. *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983). Section 1915 only provides that a court must be satisfied "that the person is unable to pay such fees or give security

---

[3]    The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

5

therefor" prior to granting IFP status. 28 U.S.C. § 1915(a)(1). To make this threshold showing, a plaintiff must demonstrate "that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States,* 77 Fed. Cl. 59, 62 (Fed. Cl. 2007) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("Section 1915(a) does not require a litigant to demonstrate absolute destitution[.]"); *accord*, *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). As the Second Circuit has noted, "no party must be made to choose between abandoning a potential meritorious claim or foregoing the necessities of life." *Potnick,* 701 F.2d at 244 (citing *Adkins*, 335 U.S. at 339).

In support of an IFP application, section 1915 requires that a plaintiff submit an affidavit reflecting all of her assets. 28 U.S.C. § 1915(a)(1). Without the submission of a completed financial affidavit, a plaintiff's application is incomplete, and this defect alone warrants denial of the IFP application. *See, e.g.*, *United States v. Copen*, 378 F. Supp. 99, 103 (S.D.N.Y. 1974) ("Leave to proceed in forma pauperis may be obtainable only upon submission by the party of an affidavit made as required by [28 U.S.C. § 1915].") ; *accord, Bey v. Syracuse Univ.*, 155 F.R.D. 413, 414

(N.D.N.Y. May 1994) (Scullin, J.).

While plaintiff has submitted two declarations in support of her IFP application, they are incomplete. In both forms plaintiff indicates that, although she is not employed, she receives money from outside sources. Dkt. No. 2 at 1; Dkt. No. 2-1 at 2. In the first, however, she neither identifies the source(s) nor the amounts of that income. Dkt. No. 2 at 1. In the second, she does indicate that she is referring to Social Security benefits, but does not state the amounts received, as required. Dkt. No. 2-1 at 2. Plaintiff's IFP application is therefore denied, without prejudice to renewal upon submission of a complete application.

Plaintiff is advised that the ability to litigate an action without prepayment of fees is a privilege that can be denied, revoked, or limited based upon a showing of prior abuses. *See In re Anderson*, 511 U.S. 364, 365-66 (1994) (denying the *pro se* petitioner's request for leave to proceed IFP where the Court found that, like the previous twenty-two petitions filed during the three immediately preceding years, the instant petition was "patently frivolous"); *see also Cuoco v. United States Bureau of Prisons*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) ("The ability to proceed IFP is a privilege provided for the benefit of indigent persons." (quotation marks omitted)). The authority of a court to deny or limit a request to proceed IFP

is implicit in the permissive, rather than compulsory, language of the controlling statute, which provides that "any court of the United States *may* authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor[.]" 28 U.S.C. § 1915(a)(1) (emphasis added); *In re McDonald*, 489 U.S. 180, 183 (1989). For this reason, courts are regarded as possessing discretionary authority to deny IFP status to litigants who have abused the privilege. *See Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 309-310 (D.C. Cir. 2008) ("This Circuit grants IFP status to various plaintiffs, but asserts its discretion to deny or revoke this privilege for abusive litigants, looking to 'the number, content, frequency, and disposition of their previous filings[.]'" (quoting *Butler v. Dep't of Justice*, 492 F.3d 440, 444-45 (D.C. Cir. 2007) (citations, alteration omitted)).

Plaintiff's litigation history in this district suggests that she is on the brink of being found to have abused the privilege of proceeding IFP. Plaintiff was previously known by the name Rochelle Coleman, Dkt. No. 1 at 39, 42-43, 54, 62; Dkt. No. 1-2 at 9. Under that name, she filed seven prior actions in this district in June and July of 2016. *Coleman v. Detter*, No. 16-CV-0834 (N.D.N.Y. filed July 8, 2016); *Coleman v. Engle*, No. 16-CV-0833 (N.D.N.Y. filed July 8, 2016); *Coleman v. Olinski*, No. 16-CV-

0838 (N.D.N.Y. filed July 8, 2016); *Coleman v. Sutkowy*, No. 16-CV-0837 (N.D.N.Y. filed July 8, 2016); *Coleman v. Syracuse Police Dep't*, No. 16-CV-0836 (N.D.N.Y. filed July 8, 2016); *Coleman v. Hanuszczak*, No. 16-CV-0735 (N.D.N.Y. filed June 22, 2016); *Coleman v. Levandowsk*, No. 16-CV-0734 (N.D.N.Y. filed June 22, 2016). In 2017, plaintiff appears to have filed one action. *Brooks v. Onondaga Dep't of Children & Family Servs.*, No. 17-CV-1186 (N.D.N.Y. filed Oct. 25, 2017). In all of those previous actions, plaintiff requested, and was granted, permission to proceed without prepayment of fees. Like the complaint in this action, most of the complaints in those cases generally concern plaintiff losing custody of her children and the state actors and attorneys involved. All but one of those actions were dismissed following the court's review of the substance of the factual allegations in the complaints in accordance with 28 U.S.C. § 1915(e).[4]

Common to all of the actions filed by plaintiff in this district (including, as will be discussed below, the current complaint under consideration in this report) is her failure to include factual allegations in her complaints

---

[4]    In *Brooks v. Onondaga Dep't of Children & Family Servs.*, No. 17-CV-1186 (N.D.N.Y. filed Oct. 25, 2017), Magistrate Judge Therese Wiley Dancks issued a report on April 9, 2018, recommending dismissal of plaintiff's complaint. That report remains pending before Senior District Judge Gary L. Sharpe.

that demonstrate entitlement to relief, and the vagueness concerning the claims that she purports to assert. Accordingly, in the event plaintiff renews her IFP application upon a proper and complete showing of her finances and the application is granted, she is hereby warned that (1) proceeding IFP is a privilege that is extended to litigants at the discretion of the court, and (2) any further filing of patently frivolous lawsuits may result in the denial of any request to proceed IFP in an action and/or a recommendation to the chief district judge that a filing injunction be issued against plaintiff, barring her from filing any future lawsuits in this district without prior permission.

### B.    Appointment of Counsel

With her complaint, plaintiff has requested appointment of counsel to represent her in this action *pro bono*. Dkt. No. 3. District courts are afforded broad, though not limitless, discretion in determining whether to appoint counsel to represent indigent civil litigants. 28 U.S.C. § 1915(e)(1); *see also Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir.1986). In *Hodge*, the Second Circuit noted that, when exercising that discretion, the court should first determine whether the indigent's position seems likely to be of substance. *Hodge*, 802 F.2d at 60. If this threshold requirement is satisfied,

> the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62; *see also Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir.1994).[5]

In deciding whether to appoint counsel I note that, although the constitution guarantees indigent litigants "meaningful access" to the courts, it does not assure that all parties in civil actions will receive the benefit of *pro bono* representation. *Hodge*, 802 F.2d at 60. While the appointment of counsel to represent indigent parties in civil suits is authorized by statute, when that authority is exercised the court is required to call upon attorneys to donate their time *pro bono*, to the benefit of indigent litigants and the court. In deference to the limited resources available to the court to serve the interests of the many indigent litigants who pursue claims before them, and recognizing the "thankless burden" associated with such assignments, *Miller v. Pleasure*, 296 F.2d 283, 285

---

[5]    In deciding plaintiff's motion, I have taken into consideration this court's custom and practice, which is to ordinarily assign *pro bono* counsel to represent an indigent *pro se* litigant, upon request, at the time of trial.

(2d Cir. 1961), the court does not grant such applications indiscriminately, but instead chooses to exercise sound judgment and restraint in doing so. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

At this juncture, and as will be discussed more completely below, it is difficult to gauge whether plaintiff's position is likely to be of substance in view of the uncertainty of her claims and the scarcity of factual allegations in the complaint to support those claims. Accordingly, based upon my finding that plaintiff's complaint does not disclose the existence of a cognizable cause of action, plaintiff's motion for appointment of counsel is denied.

  C. <u>Sufficiency of Plaintiff's Complaint</u>

   1. <u>Standard of Review</u>

Ordinarily, the denial of plaintiff's IPF application would end the court's discussion, and plaintiff, in light of her *pro se* status, would likely be afforded an opportunity to either prepay the full filing fee, or submit a new, completed, and certified application for IFP. Because, however, as is discussed more completely below, I find that plaintiff's complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915 authorizes the dismissal of the action *sua sponte* "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid[.]" 28 U.S.C. §

1915(e).

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See*, *e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks

13

an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

14

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

> 2.    Analysis

As was noted above in part I. of this report, plaintiff's complaint is generally lacking in factual allegations supporting any purported cause of action. Instead, the complaint largely contains mere repetition of claims

against different defendants. On this basis alone, I recommend dismissal of the complaint. In addition, there are several grounds upon which all or some of plaintiff's causes of action are potentially subject to dismissal, all of which are worth discussing in light of the possibility that plaintiff will be afforded an opportunity to amend her complaint.

Plaintiff's claims against the various judges named as defendants are, in all likelihood, precluded by the absolute immunity that they enjoy by virtue of their positions. "It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities." *DuQuin v. Kolbert*, 320 F. Supp. 2d 39, 40-41 (W.D.N.Y. 2004) (citing *Mireles v. Waco*, 502 U.S. 9, 10 (1991)); *see also Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). This is true however erroneous an act may have been, and however injurious its consequences were to the plaintiff. *Young*, 41 F.3d at 51. It should be noted, however, that "a judge is immune only for actions performed in his judicial capacity." *DuQuin*, 320 F. Supp. 2d at 41.

Similarly, plaintiff's claims against defendant Fitzpatrick are also likely precluded. It is well-established that "prosecutors are entitled to absolute immunity for that conduct 'intimately associated with the judicial phase of the criminal process.'" *Hill v. City of N.Y.*, 45 F.3d 653, 660-61

16

(2d Cir. 1995) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

Because portions of plaintiff's complaint appear to relate to proceedings in Onondaga County Family Court regarding the custody of plaintiff's two daughters, it is likely that dismissal of those claims are precluded under the *Rooker-Feldman*[6] doctrine and the domestic relations exception to federal court jurisdiction. With respect to the former, the *Rooker-Feldman* doctrine recognizes that, except for the Supreme Court, federal courts are not authorized to exercise appellate jurisdiction over state-court judgments. *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007). A district court lacks jurisdiction to consider a plaintiff's claim when "(1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *McKithen*, 626 F.3d at 154 (citation omitted). The *Rooker-Feldman* doctrine relates to "lack of subject matter jurisdiction, and may be raised at any time by either party or sua sponte by the court." *Moccio v. N.Y.S. Office of Court Admin.*, 95 F.3d 195, 198 (2d

---

[6]    *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Cir. 1996) (citations omitted), *abrogated on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).

Turning now to the domestic relations exception to federal court subject matter jurisdiction, federal courts do not have the authority to issue divorce, alimony, and child custody decrees.[7] *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *accord, Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004). The exception recognizes that "the states have traditionally adjudicated marital and child custody disputes and therefore have developed competence and expertise in adjudicating such matters, which federal courts lack." *Thomas*, 814 F. Supp. at 1146 (citing *Ankenbrandt*, 504 U.S. at 703-04). "The doctrine also rests on the idea that state courts are peculiarly suited to enforce state regulations and domestic relations decrees involving alimony and child custody particularly in light of the fact that such decrees often demand substantial continuing judicial oversight." *Id.* While the Supreme Court has cautioned that this does not preclude jurisdiction over claims in which plaintiffs seek monetary

---

[7]     "[A]lthough the domestic relations exception originated in the context of diversity cases, some courts have applied the exception in cases based upon federal question jurisdiction since the policy considerations which underlie the domestic relations exception may apply with equal force in cases arising under the court's federal question jurisdiction." *Thomas v. N.Y.C.*, 814 F. Supp. 1139, 1146 (E.D.N.Y. 1993) (citations omitted).

damages for constitutional violations, *Ankenbrandt*, 504 U.S. at 703, in this case, plaintiff seeks money damages, as well injunctive relief, including, the return of her children to her custody. *See, e.g.,* Dkt. No. 1 at 9. Where tort claims "begin and end in a domestic dispute," however, is a question better suited for state courts. *See Schottel v. Kutyba*, No. 06-1577, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) (affirming, based on the domestic relations exception, the district court's dismissal of the plaintiff's complaint alleging, *inter alia*, that the defendants "fraudulently misrepresented to the court the former couple's residence in order to file divorce proceedings in New York," and, as a result, plaintiff was "deprived of custody and visitation rights").

Finally, several other principles likely preclude plaintiff's claims in this case. To the extent that plaintiff has intended to assert a constitutional cause of action under *Bivens*, Dkt. No. 1 at 1-4, such claim is subject to dismissal in light of the absence of any allegations that any of the defendants are federal officials. *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995). In addition, although plaintiff utilized a pre-printed form for actions involving employment discrimination under Title VII, Dkt. No. 1 at 5-9, because the complaint is devoid of any allegations concerning plaintiff's employment (or discrimination in the context of an employment),

any claim arising under Title VII should be dismissed.

As was noted above, plaintiff's complaint also invokes 18 U.S.C. §§ 241, 242. Dkt. No. 1 at 3. Neither of those criminal statutes, however, provides a private right of action. *Powers v. Karen*, 768 F. Supp. 46, 51 (E.D.N.Y. 1991); *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del. 2009). Similarly, 18 U.S.C. § 1506 also does not give rise to a civil action. *Shahin*, 606 F. Supp. 2d at 538. Under 34 U.S.C. § 12601, only the United States Attorney General has the authority to bring a civil action. 34 U.S.C. § 12601(b); *Sathue v. Niagara City Police Dep't*, No. 17-CV-0747, 2018 WL 550520, at *3 (W.D.N.Y. Jan. 25, 2018). To the extent plaintiff cited CPL § 70.10(2) in an attempt to assert a claim under that provision, Dkt. No. 1 at 16, even assuming any provision under New York's CPL gives rise to a private right of action, CPL § 70.10 is a definitional section only and, therefore, cannot, on its own, serve as a basis for a legal claim. Finally, plaintiff's complaint includes a reference to 18 U.S.C. § 1514A, providing whistleblower protection. Dkt. No. 1 at 3. Setting aside the complete absence of any factual allegations suggesting that section 1514A applies, the claim is subject to dismissal because plaintiff has provided no indication that she filed a complaint with the United States Secretary of Labor prior to commencing this action, as required. 18 U.S.C.

§ 1514A(b)(A); *Murray v. TXU Corp.*, 279 F. Supp. 2d 799, 802 (N.D. Tex. 2003); *accord, Hoffman v. Bailey*, No. 13-CV-5153, 2017 WL 1505920, at *3 (E.D. La. Apr. 26, 2017); *see also Day v. Staples, Inc.*, 555 F.3d 42, 54 n.7 (1st Cir. 2009).

In summary, the difficulty in making any definitive determination as to whether any of the previously discussed legal principles provide grounds for dismissal stems from the fact that plaintiff's complaint is bereft of facts, disjointed, and largely unintelligible. Simply stated, the allegations contained within plaintiff's complaint are not drafted in a manner that allows for the court to meaningfully analyze plaintiff's claims pursuant to 28 U.S.C. § 1915(e), nor would the allegations permit any of the defendants a fair opportunity to intelligently respond and thereby allow this case to proceed in an orderly manner. Because plaintiff's complaint fails to allege any facts that could be construed as giving rise to a cognizable cause of action, I recommend that it be dismissed. *See Canning v. Hofmann*, No. 15-CV-0493, 2015 WL 6690170, at *5 (N.D.N.Y. Nov. 2, 2015) (Hurd, J.) ("Under these circumstances, having found that none of the allegations in Plaintiff's meandering and indecipherable Complaint raise a cognizable cause of action, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal."); *see*

*also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("Dismissal [for failure to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure] . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.").

D.    Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. d1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a

22

complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, due to the sparse factual allegations in plaintiff's complaint, it is not clear whether better pleading would permit her to state a cognizable cause of action. Nevertheless, out of deference to plaintiff's *pro se* status, I recommend she be granted leave to amend to cure the deficiencies identified in this report. Plaintiff should not be permitted to amend her complaint, however, to include any purported *Bivens* claims or any causes of action purportedly arising under 18 U.S.C. §§ 241, 241, 1514A, and 1506; 34 U.S.C. § 12601; or CPL § 70.10.

If plaintiff chooses to file an amended complaint, she should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*,

23

810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at \*7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint plaintiff must clearly set forth the facts that give rise to her claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III.    <u>SUMMARY, ORDER, AND RECOMMENDATION</u>

Plaintiff's IFP application for leave to proceed without prepayment of fees is incomplete. Accordingly, I deny her IFP application, without prejudice to renewal. Plaintiff's motion for appointment of counsel to represent her *pro bono* is also denied, again without prejudice. Finally, I find that plaintiff's complaint does not comply with the applicable pleading requirements and does not allege sufficient facts to survive review under 28 U.S.C. § 1915(e). Accordingly, it is hereby

ORDERED that plaintiff's motions for leave to proceed without prepayment of fees (Dkt. No. 2) and appointment of counsel (Dkt. No. 3) are DENIED; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED, with leave to replead, except with regard to any purported claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), or any purported causes of action arising under 18 U.S.C. §§ 241, 241, 1514A, and 1506; 34 U.S.C. § 12601; and CPL 70.10.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this

report.[8] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this

report and recommendation upon the parties in accordance with this

court's local rules.

Dated:      April 26, 2018
            Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

---

[8]      If you are proceeding *pro se* and are served with this order, report, and
recommendation by mail, three additional days will be added to the fourteen-day
period, meaning that you have seventeen days from the date the order, report, and
recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If
the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then
the deadline is extended until the end of the next day that is not a Saturday, Sunday, or
legal holiday. Fed. R. Civ. P. 6(a)(1)(C).